I'm going to be brief. I don't think it's a very complicated case. The issue before you is essentially whether this case should be decided on its merits or decided on a pleading technicality. The Lopez case that we started in our brief, I think, answers that question pretty clearly. The Lopez case says that the underlying purpose of ORTP 15 is to ensure cases are heard on their merits. And that's really all we're asking. We're asking that the case be heard on its merits. The Lopez case also says that the leave to amend should be granted, even if it's not asked for. It's clear about that. Counsel, unless the amendment would be filled. That's right. And the complication in this case is that the plaintiff did not pursue an issue regarding coverage under ERISA, but rather or not, he was exempt from ERISA. In the original complaint, that's true. At what point did he seek leave to amend to assert that he was covered under ERISA? Well, there was no specific request to amend to include an ERISA claim. So your argument then is that the district court should have nudged the plaintiff toward that claim? No, the district court should have granted leave to amend so that we could have brought in an ERISA claim. Now, where was the leave to amend request? In the plaintiff's memorandum in response to the motion to dismiss. But your leave to amend was an attempt to demonstrate that it was not an ERISA claim. Is that true? Yeah. We said we'd like leave to amend to include this claim. So you were trying to demonstrate that you had a state claim, which was improperly before the federal district court. At that point, that's true. And if nothing else happened, then maybe we'd have a tough argument. But in the reply brief filed by defendants, defendants stated in their conclusion that the court should grant the motion to dismiss and allow leave to amend to include an ERISA claim. So is your position that the defendant can control the contours of plaintiff's litigation? Not control the contours, but I think the court has whatever information the court has from both parties. But if the plaintiff wasn't seeking that relief, why would the court compel the plaintiff to seek relief that it had clearly opted not to pursue? Well, I don't think it went that far. The case ended before there was the opportunity to pursue an ERISA claim. Couldn't there have been a subsequent motion for leave to amend to adopt the suggestion that was in the brief of the defendant? I mean, looking back, there's a lot of things we could have done. Well, but that's one thing. That's one thing. That definitely could have been. Sure, sure. There's things that we could have done. And so, and that's why I get back to the... No, I think that's a step too far. I think that the court, I mean, we get back to the underlying issue, and that is that the case should be decided on the merits, if possible. Okay, tell me this, procedurally then, what should the court have done? Should the court have granted leave to amend based on the defendant's suggestion that the plaintiff should be allowed that? I think the court should have allowed leave to amend, period. Procedurally, how would that have worked? The court would have said motion to dismiss granted. Plaintiffs may have 10 days to amend, if possible, or if they desire. Now, court cases, are you supporting that argument with the Lopez case? Yeah. Lopez says that even if it's not asked for, even if he didn't ask for it at all, the court has the, I don't want to say duty, but the principle is that the court should grant leave to amend. On a theory that had never been advanced by the plaintiff. So you're saying Lopez stands for the proposition that a court must do a grant leave to amend on a theory that's not been advanced by the plaintiff. I think Lopez stands for the point that the court should grant leave to amend, even if it's not requested, if there's not, as long as there's no way that it can be amended to make a case. In other words, the court needs to make some sort of finding or have the belief that you can't possibly amend this thing to save it. So the court's not entitled to rely on the posture of the parties before the court? Well, in this case, the court did have the information. Again, the defendant, in their brief, said grant leave to amend to include an aristic claim. When I was on the district court, I didn't generally think that the defendants vote for the plaintiff. They don't speak to the plaintiff, but they give information to the judge. And my point is the judge had all the information necessary to make the ruling or to understand that there was a way to amend the complaint to continue the case. Was it reasonable for the judge to perhaps see if the plaintiff wanted to take that suggestion and file a leave to amend? Would that also have been a reasonable course for the judge to pursue in her discretion? To allow us to, sure. But when nothing was done other than the fact that it was – I mean, I think the way that the judge would do that is to grant the motion to dismiss and say you have leave to amend – either you have leave to amend, leave it at that, or you have leave to amend to include an aristic claim. But was it an abuse of discretion to proceed otherwise? I believe it was. And the reason is because the underlying principle is that cases should be decided on their merits if possible. I mean, it's not a game. We're not here trying to give one chance and then you're out. That works both ways, though, counsel, in terms of putting your eggs in one basket and then once that's not successful, bringing out another basket that you didn't give the court in the beginning. That works both ways. Well, I think it does. But I think that we're left with the principle that a case should be decided on its merits. But didn't you put the court in that posture? The other side said you have an alleged an aristic claim. And you said no, that's true, in effect. I've alleged a state law claim and I want to amend to pursue that state law claim. So the court decided the merits of your state law claim, which it found had no merit. At the time, we believed that we didn't need to bring it around. So the court did reach the merits of what was before it? Well, at that time, but I think the point is that that's not the merits of the case. That's a pleading issue to try to get over that hurdle so that the merits of the case could be heard. The merits of the case are the facts. And when we say I'm wrong, that's the merits of the case. I mean, the issue of arista or not arista, that's a pleading issue. And we're trying to get over that hurdle. Didn't the court decide that on the complaint before it and your purported amendment that there was no merit under the court subject matter jurisdiction? You could say that about anything, any pleading issue. At some point, you say, well, there's no merit because we haven't put it right. I mean, it's sort of semantics. If you haven't played it at all. But again, it's semantics about whether it's merits or not merits. I mean, I submit that when the Lopez court say that the underlying principle is heard on the merits, what it means is that it's, I mean, you listen to the facts of the case and decide the case on the facts rather than whether it's pled this way or that way. And the court had before it the information that it needed to grant another chance. It was a chance to plead it again. And it didn't do it. And all we're asking for is a remand back. There's some question in a brief about, you know, secret about what we're asking for. There's no secret about what we're asking for. We're asking for a remand back to the trial court. The claim will go forward and we can decide the case on the merits. Good morning and may it please the court. I'm Dan Lindahl representing the defendant at the Lake Hartford Life. There are a couple of distinctions I want to highlight between this case and the Lopez case. One distinction that I probably admittedly should have highlighted more in my brief is this. This wasn't strictly a 12 v. 6 motion. This was really, I believe, a motion for summary judgment because the motion to dismiss was ultimately supplemented with factual materials. Those appear in the excerpt of record under tab 4. The plaintiff's opposition to the motion to dismiss raised factual issues, admittedly not by submitting factual materials but by argument. We then responded with a factual response in the form of an affidavit with exhibits. So this isn't the instance as in Lopez, for example, where you're looking at allegations in a complaint. Did the court give notice that it was going to treat this as summary judgment? The court did not. In its order and opinion, it called it a motion to dismiss. Isn't there case authority that says you must give notice if you're going to treat it as a summary judgment so both sides are not taken by surprise? Your Honor, if that's true, Your Honor, I don't know is my answer to that. Another difference between this case and Lopez is this, and the court's already identified this very significant difference. Lopez and the cases like it involve giving the plaintiff an opportunity to amend, to add factual allegations to support the theory that appears in the complaint. Here, what the plaintiff is asking this court to do is an opportunity to go back and plead an entirely new theory. Lopez and all the cases like it don't address that issue. The case that does address that issue, as cited in our brief, is Vincent v. Trend Western Technical Corporation, where this court said we don't sit to hear for the first time your new theories that you would like to raise. What it's arguing is that the district court should have heard the new theory for the first time, not that the court of appeals should hear the theory for the first time. This was sort of triggered by a defendant's suggestion that leave to amend should be granted. So what's your response to that? My response to that, Your Honor, is had plaintiffs asked for leave to amend in the district court to assert an ERISA claim, we wouldn't have opposed it. And we expected that they would. We were surprised when they said, effectively said, no, we don't want to pursue an ERISA claim. We want to pursue an appeal of the dismissal of our state law tort claims. And so they went ahead and appealed rather than seeking the remedy in the district court to raise an ERISA theory. And in fact, in their civil appeals docketing statement in this court, they make no reference at all to this leave to amend issue. Their purpose in filing the appeal was to challenge the decision on preemption. Only much later did they raise this amendment issue. And that's why we're here now saying we can't agree to it now. We would have agreed to it then. But you didn't avail yourself of your remedies. You didn't, as the trend western case says, seek to have the either move for leave to amend or seek to have the judgment set aside so you can then request leave to amend. Those were the remedies available.  So they were stuck on their idea that they wanted tort damages. There's real advantages to having a state law tort claim in this kind of a context. That's why we see them over and over again where a plan is plainly governed by ERISA and yet the state law tort claim is alleged. The ERISA preemption defense was upheld by the district court. The plaintiff elected to appeal that and only apparently much later decided maybe the district court was right. Maybe we should have alleged an ERISA claim. We're going to get bailed out of the Ninth Circuit. That's not what this court has ever permitted. And for that reason, we ask that the judgment be affirmed as it stands. Did the appellee more than once suggest that it be amended to state an ERISA claim? Yes, Your Honor. When was the first time? In what document? In our original memorandum in support of the motion to dismiss. At the end we said preemption applies. They need to amend an alleged ERISA claim. And we gave them another opportunity or we mentioned it again in our reply brief. So I think the plaintiff's position is plainly that we essentially made their motion for them. Our position is that, yes, we wouldn't have opposed it then, but when they didn't avail themselves of the very remedy that we were tipping them off they ought to pursue, we're not going to agree to it now. Anything else, Your Honor? Have you followed the grant assert on that Fifth Circuit case that raises a possibly related question about preemption? It's the Humana. Let's see. Rourke v. Humana. Your Honor, I'm afraid I'm unaware of that. Would you have any comment on the possibility of our reserving submission on this case until we find out what the Supreme Court is going to do about this Humana case? Well, there are questions about whether the person was a beneficiary and so on, whether there was ERISA preemption. Okay, so it's a preemption case. Yeah. Well, my response would be this isn't a preemption case. They didn't appeal the preemption decision of the district court. We thought they were appealing it, and then they abandoned that and they decided they wanted to allege an ERISA case. Well, technically I think all they're appealing is a dismissal without leave to amend. Well, that's their argument. That's the way they make their argument. I mean, if this was going to turn into a preemption case, first of all, I guess the plaintiff would have to decide they want to somehow amend their… There was never an issue joined in the district court on the question whether a partner in the employer clinic is an ERISA beneficiary, was there? There was some talk about it, but it was never a matter decided by the district court. I think it was decided. We addressed it in our reply memorandum. Did she recharacterize the case as an ERISA claim? No. Well, she said it was preempted. I'm not sure I'm understanding your question. What the judge did was considered that argument that the plaintiff made and addressed it and found that, no, that's not another. You don't escape ERISA preemption under that theory. So you're saying the court did decide the ERISA preemption issue? Yes, precisely. And didn't she say, in effect, that even if you do amend, it would be an idle act or a worthless amendment because you can't get out of ERISA by amending? Exactly. The judge went ahead and addressed the plaintiff's argument rather than waiting. But the argument was that there was a proper state law claim because he was a partner. Correct. And she found there was not. Thank you. Thank you, Counsel Repuddle. I just addressed briefly what was brought up by counsel. Number one, we did ask for leave to amend. Even though case law says that you don't have to ask for leave to amend, we did ask for leave to amend. It wasn't as articulate as it should have been. It wasn't as broad as it should have been, but the request was there. Well, isn't one of the tests on error in denying leave to amend, one of the tests is would the amendment have done you any good?  And that's, in fact, the most important. Now, how would the amendment have helped you? Well, again, the amendment that we specifically stated in the request wouldn't have probably been what it's going to be now. But I believe because there wasn't even a requirement that we request leave to amend, I believe that we had the right to still amend to something else, to try something else so that the case could get over that hurdle and be heard on its merits. Well, this court has, in some ways, probably encouraged the bar to believe that a dismissal without leave to amend is reversible, presumptively reversible, because presumptively you have a right to amend once after dismissal. But we've also said that if the amendment would have been useless, that it's not error to deny the leave. Now, why doesn't that apply? Because knowing what we know now, we would have amended to include an ERISA claim. And both parties agree that if we amend the complaint to include an ERISA claim, that the case can go forward. Go forward how far, to a summary judgment? Well, I don't know. I mean, that far. If you had amended and said, well, he's a partner in this clinic, he's an ERISA beneficiary, the insurance company would have said, aha, gotcha, you're under ERISA and it's preempted. Your state law claim would be preempted. The state law claim would, but now we have an ERISA claim. You have the ERISA claim decided on its merits, and that's really what we're asking. We're asking that the ERISA claim be decided on its merits. And that's all. All right, thank you, Counselor. Thank you. Thank you to both Counselors. The case just argued is submitted. The next case on the calendar for argument is Pucci v. Renner Center.
judges: Goodwin, Alarcon, Rawlinson